ORIGINAL FILED

JUL 15 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

DUANE W. RENO, ESQ.
CA Bar No. 67262
dwreno@msn.com
DAVIS & RENO
22 BATTERY STREET
SUITE 1000
SAN FRANCISCO, CA 94111
Telephone: (415) 274-8700
Facsimile: (415) 274-8770

THOMAS A. WOODLEY
taw@wmlaborlaw.com
DOUGLAS L. STEELE
dls@wmlaborlaw.com
JAIME WASSERSTROM
jlw@wmlaborlaw.com
WOODLEY & McGILLIVARY
1125 15TH STREET, N.W.
SUITE 400
WASHINGTON, DC 20005
Telephone: (202) 833-8855
Facsimile: (202) 452-1090

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10 3102 JL

| | |
|---|---|
| STEVE BALESTRIERI<br>KEN BABCOCK<br>ROBERT S. BLACK, JR.<br>AARON BLANDFORD<br>TIM BOGNER<br>DAVID BRAGG<br>KEVIN BRANDON<br>RODNEY BROVELLI<br>THOMAS CALVERT<br>DAVID CARR<br>PATRICK J. CARRILLO<br>TONY CIARDELLA<br>GORDON COE<br>DAN COYLE | CASE NO.<br><br>COMPLAINT FOR<br>DECLARATORY JUDGMENT,<br>COMPENSATION UNDER THE<br>FAIR LABOR STANDARDS ACT,<br><u>AND OTHER RELIEF</u><br><br>JURY TRIAL DEMANDED |

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

1. ROB DEHONEY
2. CHRIS DENNEBAUM
3. DAVID DICKINSON
4. MARCO DITO
5. ANTHONY EGGIMANN
6. TODD ELLIS
7. JOSEPH L. FIGONE, JR.
8. ROSS FRAZEE
9. WILLIAM GILMORE
10. DANIEL GIRAUDO
11. JOHN GIRAUDO
12. MIKE GRADY
13. GLENN GRANT
14. MICHAEL HARRINGTON
15. TROY HOLT
16. FELKAK M. HOUSE
17. MICHAEL HUGHES
18. JANE O'NEIL HUNT
19. SCOTT HYLTON
20. BRETT JENSEN
21. SETH JOHNSON
22. ROBERT JOHNSON
23. JONATHAN D. JOHNSTON
24. RONALD KEEFER
25. RANDALL J. KELLY
26. MICHAEL LAMB
27. CHUNG LAI
28. MIKE LEMOS

EHREN MacDONALD
JASON MARTIN
GREG MAYS
WILLIAM McFARLAND
ERIC McGLENNON
MATTHEW MENARD
ERIC A. MIJANGOS
MARTIN E. MIJANGOS
GEORGE MILLER
JAMES R. MONTALVO

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

2

1  ANTHONY MORALES
   BRENDAN CHARLES MURPHY
2  ANDREW J. MURTAGH
3  THOMAS NEYLAW
   KENNETH L. OLIVER
4  PHIL VAN ORDEN
5  CHUCK PAPANGELLIN
   CHRIS PIMENTEL
6  MATTHEW PRUITT
7  JASON PUCCINELLI
   JOEY QUADT
8  JOHN J. QUADT
9  JOHN RENNER
   STEVE ROHRER
10 JEFF SCHREIBER
11 KEITH SLADE
   THOMAS E. SMITH
12 MICHAEL STAHL
13 KENNETH STEELE
   STEVE SUSA
14 MIKE SWEENEY
15 GARY TORRE
   ROY TRESTER
16 WALTER VIDOSH
17 RICH J. VILLA
   JOE WALLACE
18 KEVIN WHITE
19 GREG WOMBLE
   JOHN J. WURDINGER
20 MARK ZAMPARELLI

21          Plaintiffs,
22
       vs.
23
   MENLO PARK FIRE PROTECTION
24 DISTRICT,

25          Defendant.

26

27 COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
   THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF
28
                                    3

1. The plaintiffs are employees of the defendant Menlo Park Fire Protection District and they bring this action on behalf of themselves and other employees similarly situated. This is an action for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At times material herein each of the plaintiffs has been employed by the defendant Menlo Park Fire Protection District. Each of the plaintiffs has given his or her written consent to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) which is appended hereto as Exhibit A.

4. Defendant Menlo Park Fire Protection District is a "special district" of the State of California within Cal. Gov't Code § 16271(d), a "public agency" within 29 U.S.C. § 203(x), and an "employer" within 29 U.S.C. § 203 (d).

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

4

## COUNT I

5. At all times material herein, the plaintiffs have been entitled to the rights, protections and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. (hereafter referred to as "FLSA").

6. At all times material herein, the plaintiffs have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207, by being required to spend additional work time before the start of their work shift, by driving to one fire station to pick up their turnout gear and then driving to a second fire station where they are assigned to work their shift.

7. As a result, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

8. At all times material herein, defendant has failed and refused to provide the plaintiffs with overtime compensation at a rate of one and one-half times their regular rate of pay for the hours plaintiffs have worked in excess of the hourly levels specified in 29 U.S.C. § 207 of the FLSA, thereby violating 29 U.S.C. § 207 of the FLSA.

THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

5

9. Defendant's refusal to provide overtime pay to the plaintiffs for the hours plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207, wrongly deprives the plaintiffs of the premium overtime compensation due to them at all times material herein.

10. Defendant's actions and omissions as alleged herein were done in a knowing, willful, bad faith, and reckless manner.

11. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to them. The defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

## COUNT II

12. Plaintiffs incorporate herein the allegations set forth above in paragraphs 1 through 11 of this Complaint.

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

13. At all times material herein, the plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, as amended, 29 U.S.C. § 201, et seq..

14. At all times material herein, the plaintiffs have earned annual leave payouts, which are required to be included in the regular rate under the FLSA, 29 U.S.C. § 207(e), and thus factored into overtime calculations.

15. At all times material herein, defendant has failed and refused to include annual leave payouts in the calculation of the regular rate, thereby violating 29 U.S.C. § 207 of the FLSA.

16. Defendant's refusal to include annual leave payouts in the calculation of the regular rate wrongly deprives the plaintiffs of the premium overtime compensation due to them at all times material herein.

17. Defendant's actions and omissions as alleged herein were done in a knowing, willful, bad faith, and reckless manner.

18. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant, and the plaintiffs are unable to state at this time the exact amounts owing to them. The defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter a declaratory judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived the plaintiffs of their rights, protections and entitlements under law, as alleged herein;

(b) Enter a permanent injunction restraining and preventing the defendant from withholding the compensation that is due;

(c) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(d) Award plaintiffs monetary damages in the form of full back pay compensation, liquidated damages equal to their unpaid compensation, plus interest;

(e) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

8

## JURY TRIAL DEMAND

Plaintiffs respectfully request a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

DATED: July 15, 2010      DAVIS & RENO

By: _____
Duane W. Reno
Attorneys for Plaintiffs

DATED: July 15, 2010,     WOODLEY & MCGILLIVARY

By: _____
Thomas A. Woodley
Attorneys for Plaintiffs

COMPLAINT FOR DECLARATORY JUDGMENT, COMPENSATION UNDER
THE FAIR LABOR STANDARDS ACT, AND OTHER RELIEF

9